

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-23-2009

# Johnson v. St Luke Hosp

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4467

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Johnson v. St Luke Hosp" (2009). *2009 Decisions*. Paper 1992.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1992

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-4467

———————

ANNETTE JOHNSON,

Appellant

v.

ST. LUKE'S HOSPITAL,

Appellee

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 06-cv-03417)
District Judge: Honorable Stewart Dalzell

———————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 31, 2008

Before: Sloviter, Stapleton, Tashima,[*] *Circuit Judges*
(Filed: January 23, 2009          )

———————

OPINION

———————

TASHIMA, *Circuit Judge.*

_____

[*] The Honorable A. Wallace Tashima, Senior United States Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

Annette Johnson ("Johnson") appeals the District Court's grant of summary judgment in favor of her former employer, St. Luke's Hospital ("St. Luke's"), on her claim that she was terminated on account of her race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981. We have jurisdiction to review the District Court's decision under 28 U.S.C. § 1291, and will affirm the grant of summary judgment.

Because we write for the parties, we recite only those facts necessary to our analysis of the issues presented on appeal. Our review of a grant of summary judgment is plenary and "we must grant all reasonable inferences from the evidence to the non-moving party." Knabe v. Boury Corp., 114 F.3d 407, 410 n.4 (3d Cir. 1997). The moving party carries the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Cartrett, 477 U.S. 317, 323 (1986).

Johnson, an African-American woman, began working at St. Luke's on November 28, 2000, as a personal care assistant in the personal care service department. Subsequently, she sought and secured employment in the hospital's phlebotomy department, and began working as a phlebotomist on March 5, 2002. Her employment in that department continued through January 19, 2006, when St. Luke's officially terminated her. According to St. Luke's, the hospital terminated Johnson because she had "shown that [she was] either unwilling or unable to comply with St. Luke's standards of performance/customer service expectations and [her] behavior clearly [demonstrated] a

2

pattern of repeated failure to interact appropriately with [her] co-workers . . . ."

Because this is a Title VII claim, we employ the Supreme Court's McDonnell Douglas-Burdine burden-shifting analysis.[1]  See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993); Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248 (1981); McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) .

Under this framework, Johnson must first make out a prima facie case of employment discrimination. Id. at 802.  If a plaintiff establishes a prima facie case, the burden then shifts to the defendant to proffer a legitimate, non-discriminatory reason, for the plaintiff's discharge.  Id.  If the defendant establishes a legitimate reason for the discharge, the burden shifts back to the plaintiff, who must then show that the defendant's proffered reason is pretextual.  Id. at 804.

Even when viewed in the light most favorable to Johnson, the record does not contain sufficient evidence to establish the elements of a prima facie case of employment discrimination.  In order to establish a prima facie case, Johnson must show that she: (1) is a member of a protected class; (2) was qualified for the position she held; (3) was fired from that position; and (4) suffered adverse action under circumstances that give rise to an inference of discrimination.  Jones v. Sch. Dist. of Phila., 198 F.3d 403, 410-11 (3d Cir. 1999).  The parties do not dispute that Johnson has satisfied the first three elements;

_____

[1]      Although Johnson alleges a violation of two separate statutes, we apply the same legal analysis to both, because both claims require the same elements of proof.  See Lewis v. Univ. of Pittsburgh, 725 F.2d 910, 915 n.5 (3d Cir. 1983).

however, we agree with the District Court that she has failed to satisfy the fourth.

Johnson relies on a disparate treatment theory to establish an inference of racial discrimination. To proceed in this fashion, Johnson mush show that St. Luke's treated her less favorably than similarly situated employees who were not in her protected class. Doe v. C.A.R.S. Protection Plus, Inc. 527 F.3d 358, 366 (3d Cir. 2008). Further, Johnson must establish a "causal nexus" between the alleged disparate treatment and St. Luke's decision to terminate her employment. See Sarullo v. U.S. Postal Serv., 352 F.3d 789, 798 (3d Cir. 2003).

Johnson's evidence of disparate treatment consists solely of assertions contained within her own affidavit. The affidavit recounts several incidents where Johnson claims that St. Luke's treated her unfairly. Each of the incidents set forth in her affidavit fails to raise an inference of discrimination because they are either (1) purely speculative; (2) unsupported by facts in the record; or (3) factually unrelated to St. Luke's decision to terminate her employment.

The majority of Johnson's disparate treatment allegations fall into the first category–the purely speculative. For example, Johnson claims that her supervisor, Marie Koehler, allowed white employees to take time off of work for personal appointments, but would not allow Johnson to do so, and that only white employees were permitted to drink coffee in workrooms. These examples are not reflective of Johnson's personal knowledge or of corroborating evidence; indeed, they are purely speculative and

4

conclusory.[2]  "A non-moving party may not 'rest upon mere allegations,' general denials or . . . vague statements . . . ."  Trap Rock Indus., Inc. v. Local 825, 982 F.2d 884, 890 (3d Cir. 1992) (quoting Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3rd Cir. 1991)); see also Fed. R. Civ. P. 56(e) (stating that judgment "shall be entered" against a nonmoving party unless affidavits or other evidence "set forth specific facts showing that there is a genuine issue for trial.").

Several of Johnson's allegations fall into the second category–those where there is no suggestion that employees of a different race were treated differently.  For example, Johnson claims that her supervisor, Marie Koehler, along with a hospital administrator, Cindy McKellin, unfairly wrote her up for workplace misconduct.  However, there is no evidence in the record suggesting that other employees were treated differently.  To the contrary, St. Luke's has provided uncontraverted evidence that other employees were routinely written up for similar workplace violations, and in each incident cited by Johnson involving a co-worker, the co-worker was also written up or reprimanded.

Only one of Johnson's allegations falls into the final category.  Johnson's affidavit describes an incident where, without first investigating the matter, her supervisor falsely accused her of creating a mess in one of the workrooms.  Johnson alleges that the

---

[2]  When asked, in a deposition, about specific facts supporting her allegation that other employees were not disciplined for leaving work to attend private appointments, Johnson replied, "I know for a fact.  They did it all the time, certain people. I know."

supervisor entered a room of employees and ordered her (the only African-American present) to clean up the workroom. Although Johnson's version of events describes an instance of disparate treatment, she sets forth no specific facts suggesting that the incident was at all related to St. Luke's decision to terminate her employment, and thus, the "causal nexus" that Sarullo requires is not present. See 352 F.3d at 798.

Johnson has failed to establish a prima facie case of racial discrimination. The uncorroborated allegations in her affidavit are either purely speculative and conclusory, do not allege race discrimination, or are not causally related to her termination.

For the forgoing reasons we will **AFFIRM** the District Court's decision granting summary judgement in favor of St. Luke's.